IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | Case No. 07 CR 50059-1 |
| ROBERT H. SWEENEY | ) | |

**SENTENCING MEMORANDUM**

Comes now Robert H. Sweeney, by the Federal Defender Program, Terence F. MacCarthy, Executive Director, and Paul E. Gaziano, one of his assistants and provides to this Honorable Court a Sentencing Memorandum and a Mitigation Report.

**I. LEGAL STANDARDS**

The Supreme Court recently reiterated in *Gall v. United States*, 128 S.Ct. 586 (2007), that "the Guidelines are not mandatory, and thus the range of choice dictated by the facts of the case is significantly broadened." *Id.* at 602 (citations omitted). *Gall* requires that in addition to considering the Guidelines, the "district judge should . . . consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." *Gall*, at 596-97 (citations omitted); *see also United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007) ("Although the guidelines are treated as advisory after *Booker*, the application of section 3553(a) is mandatory."). The Supreme Court requires judges "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in § 3553(a), *Rita v. United States*, 127 S.Ct. 2456, 2463 (2007). Section 3553(a)(1) also gives sentencing courts "a broad command to consider 'the nature and

circumstances of the offense and the history and characteristics of the defendant.'" *Gall*, 128 S.Ct at 596 n.6.

District court judges have broad discretion to sentence below the advisory guideline range. *See, e.g.*, *United States v. Wachowiak*, 496 F.3d 744, 751 (7th Cir. 2007) ("We will not substitute our judgment for that of the sentencing court. . . . As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel."); *United States v. Ngatia*, 477 F.3d 496, 501-02 (7th Cir. 2007). A court may issue a below-Guideline sentence even in the absence of extraordinary circumstances. *Gall*, 128 S.Ct at 595. In fact, a district court judge's "freedom to impose a reasonable sentence outside the range is unfettered," *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2007), and the Seventh Circuit will scrutinize a district court's refusal to grant a reduction below the range, *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006).

## II. SENTENCING GUIDELINE CALCULATIONS

Mr. Sweeney objects to the three-level enhancement pursuant to U.S.S.G. §2B3.1(b)(2)(E). That enhancement is based upon defendant's allegedly placing his left hand in his sweatshirt pocket and making a gesture. From that action, if it did occur, the probation officer concludes that a three-level enhancement is appropriate for brandishing a dangerous weapon. The parties have entered into a plea agreement which did not contemplate the application of this enhancement. Counsel does expect that the Government will abide by its plea agreement. The Government considered §2B3.1 and determined that the only applicable enhancement was §2B3.1(b) (1). The Government possessed all relevant evidence at the time

the plea agreement was negotiated ,signed, and no new aggravating factors have come to light. In a written statement given on the day of the robbery, the teller (JF) does not mention anything about the robber placing his hand in his sweatshirt and gesturing as if he had a gun.  A second teller who observed the robbery (TO) also provided a written statement to the authorities shortly after the incident.  That teller failed to mention any gesturing by the robber.   A third teller (LO) also in a written statement failed to mention any action by the robber in which he used his hand as though it were a gun.   The affidavit of R. Craig Smith in support of Criminal Complaint does not mention any conduct described by the author of the PSI.

In light of the number of witnesses who fail to report this action or to corroborate its occurring and in light of the fact that no weapon or dangerous object was found on him, in his presence, or in his car, Mr. Sweeney objects to this enhancement.

Mr. Sweeney asserts that the offense level should start at 20 with an enhancement pursuant to §2B3.1(b) (1) resulting in combined level of 22 with a reduction of 3 levels for acceptance of responsibility for a total offense level of 19 with a Criminal History category of 5 and a resulting sentencing range of 51-71 months.

### III.  CAREER OFFENDER

Mr. Sweeney submits that he should not be categorized as a Career Offender and that to sentence him to the range suggested in the PSI is excessive and not necessary to meet the goals of sentencing in this cause.

The District Court as noted in Part I is armed with unfettered  discretion in determining

an appropriate sentence for a individual.   Mr. Sweeney although he may technically fall within the parameters of the Career Offender Guideline submits that he should not be so treated..This argument is based upon his background, the circumstances of this crime and those in his past. Mr. Sweeney requests that the Court enter a sentence more closely in line with his sentencing guideline range(SGR) without the career offender designation. This request is premised upon a review of the sentencing factors of T 18 USC§ 3553(a) and upon the unique situation of Mr. Sweeney.

Prior to exploring the 3553 (a) factors in this case, Mr. Sweeney cites to the Court several recent cases dealing with the Career Offender Guideline.   In *U.S. v. Martin* 520 F3d 87 (1st Cir. 2008), the Court concluded that *Kimbrough v. United States*, 128 S. Ct. 558 (2007) opened the door for a sentencing court to deviate from the Guidelines even though that deviation seemingly contravened a broad policy pronouncement of the Sentencing Commission, such as the Career Offender category. 520 F 3d 96.  In *Martin*, the Court affirmed a sentence which was a full 118 months below Martin's original career offender guideline.  The reasoning of *Martin* was adopted recently in the Eastern Division of this District.  In *U.S. v. Patzer*, 548 F. Supp.2d 612 (N.D.Ill. 2008), the Court sentenced the defendant to a term of imprisonment of less than 50% of his Career Offender Guideline Range.  Patzer committed three bank robberies and possessed a firearm.  He pleaded guilty to two of the bank robberies and the firearm charge.  His total guideline range was 346-411 months.  The district court sentenced Patzer to 144 months.

In making it analysis , the court noted that Patzer's qualifying crimes were less serious than those typically encompassed by the career criminal application and were remote in time. The Court also considered the character and background of Patzer in sentencing him to less than

one half of the guideline which he faced.

Like Patzer, one of Mr. Sweeney's qualifying crimes is remote in time. That qualifying crime occurred approximately 15 years ago. The Patzer court deemed an 11 year old crime remote. In Sweeney's first qualifying crime (described at line 345-351 PSR), Mr. Sweeney was not armed, no physical injury to the victim is reported and the purpose of the crime was to fuel Mr. Sweeney's drug addiction. In Patzer, the court placed weight on the fact that noone was injured in the prior robbery and that the crime was committed not for profit but was fueled by a need to buy drugs. 548 F. Supp 616. As the court can see the proceeds of Mr. Sweeney's first qualifying crime were drugs.

The second qualifying crime is the Armed Robbery without a firearm (described at line 353-381 PSR). That crime occurred 5 years after Mr. Sweeney's release from the Illinois Department of Corrections. During that 5 year period, Mr. Sweeney led a law abiding life. That crime involved the taking of pre-measured doses of Demerol, a pain killing drug. Again, there is no indication that any physical harm was caused to the victim and the crime was not committed for profit, but rather to feed Mr. Sweeney's addiction.

In appropriate circumstances this Court is authorized, indeed mandated by 3553 to sentence an individual below the career offender guideline. Mr. Sweeney submits that this is an appropriate case to do so.

### IV. 18 U. S. C. § 3553(a)

In determining the proper sentence to impose the Court must consider the factors set forth in §3553(a). Mr. Sweeney incorporates in this discussion the Mitigation Report of James Tibensky, Mitigation Specialist and Illinois Certified Addictions Counselor.

The first factor the court must consider is the nature and circumstances of the offense and the history and character of the defendant. Regarding the offense, no physical harm was caused to any person. The crime was not well thought out in that Mr. Sweeney had left his car in the parking lot of the bank during the commission of the crime. The car was quickly described to the authorities responding to the crime. Mr. Sweeney was not armed either in the bank and no weapon was described by any individual. No weapon was located on Mr. Sweeney, in the area surrounding him or in his vehicle. At least one witness who observed Mr. Sweeney shortly after the robbery stated that he (Sweeney) appeared intoxicated. This was an amateurish bank robbery which did not appear to be well-planned. This was the type of crime which appears to have occurred on the spur of the moment.

Regarding Mr. Sweeney and his history and character, it is obvious that he is an addict. That condition must be fairly weighed in the sentencing process. Mr. Sweeney does have a criminal history. He also has a history of untreated drug addiction, back pain, back surgeries and the use of drugs to ease that back pain. Mr. Sweeney has been described as an excellent employee and an asset to his company.

Mr. Sweeney suffers from degenerative disc disease which has apparently affected both his lumbar and cervical spine. As a result of that disease and the work injuries related in Mr. Tibensky's report, Mr. Sweeney has undergone four surgeries. The first surgery occurred in 1991; the second surgery occurred in 1993, several months before the August 26, 1993 robbery. As explained above that robbery involved the taking of Xanax, a drug used to relieve anxiety or tension.(See, www. RXLIST.com). Mr. Sweeney was released from custody on that first robbery in 1995. He began using his certificates in heating, refrigeration and air conditioning to

earn a livelihood . He led a law-abiding life for over five years. In 2000, Mr. Sweeney again underwent spine surgery. That surgery entailed the fusion and removal of lumbar discs. (PSR ln536) Again he was prescribed drugs to alleviate his pain and again his addiction took control of his life.

That addiction led to the second qualifying crime, the armed robbery of the 10 boxes of Demerol, a pain killing drug. During this period, the offense of Prescription Drug Fraud in Wisconsin was committed. Very apparent is the fact that these crimes were not motivated for profit but rather were caused by Mr. Sweeney's addiction and pain. It is noteworthy that shortly before the commission of the July 2000 armed robbery, Mr Sweeney was gainfully employed and had earned his journeyman certificate through the Pipe Fitter's Local 597.

Mr. Sweeney was released on parol in July 12, 2004. He again seemed to be doing well until 2007. In March 2007, his neck pain became acute. Ensuing medical care included a spinal epidural to relieve his pain. On April 10, 2007, a cervical spine fusion was performed. . Mr. Sweeney was again caught up with the vicious addiction and the need to quell his pain. Mr. Sweeney did meet with Dr. Vemuri concerning the drug problem which he was facing and was starting his treatment when this crime occurred. Mr. Sweeney at the time of the crime was employed, contributing to the support of his children and attempting to address his addiction.

When the Court considers the nature and circumstances of Mr. Sweeney, the long periods of law abiding behavior, the positive work record, the support provided for his children and the remarks of the persons who know him best establish that the sentence suggested by the guidelines is excessive for the purposes of the law which is to impose a sentence which is not greater than necessary to comply with §3553 (a) (2).

Mr. Sweeney knows that he will be imprisoned. During that time Mr Sweeney hopes to enter a drug treatment program (no such program has been provided or offered to him in the past). He hopes to take advantage of educational programs which will allow him to earn a living when he is released. He has proven by his past that he has the ability to learn and to be a productive member of society.

Counsel for Mr. Sweeney has attached to this Memorandum a copy of his Diplomas from Lake Land College, Journeyman Certificate, and a check analysis of Mr. Sweeney's last pay check.

### V. SENTENCING RECOMMENDATION

Mr. Sweeney respectfully submits that he be sentenced to the Bureau of Prisons for a period as set forth in the SGR without the Career Offender status that is a period of 57-71 months and that he be designated for the drug rehabilitation program. Mr. Sweeney further requests that he be designated to the Oxford facility.

                                      FEDERAL DEFENDER PROGRAM
                                      Terence F. MacCarthy
                                      Executive Director

                                      By: ___/s_____
                                            Paul E. Gaziano
                                            Attorneys for Defendant

PAUL E. GAZIANO
FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800