UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 50004-1 |
| | ) | Judge Frederick J. Kapala |
| ROBERT H. SWEENEY | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant's objection to the Presentence Report ("PSR"):

**I. FACTUAL BACKGROUND**

**I. DEFENDANT'S SENTENCE SHOULD NOT BE ENHANCED UNDER GUIDELINE SECTION 2B3.1(b)(2)(E)**

The United States Probation Officer ("USPO") found that a three-level increase in the adjusted offense level was appropriate based on information contained in a police report and witness statement in this investigation. Defendant objects to this enhancement.

After receiving defendant's Sentencing Memorandum, the victim bank teller was reinterviewed about the defendant's actions during the Harris Bank robbery. The teller denied observing the defendant place his hands in his sweatshirt and gesturing as if he possessed a handgun. Therefore, the police report that attributes a contrary account of defendant's actions during the robbery is inaccurate.

Investigators also obtained a written statement from a witness to defendant's robbery in which he described defendant gesturing as if he had a gun. This witness was also reinterviewed about his observations of the defendant. During the interview the witness initially said that he did

not see until the defendant began to walk out of the bank. This witness was then confronted with the portion of his statement in which he described defendant's gestures. The witness initially acknowledged that he saw defendant place his hand in his sweatshirt pocket. When he pressed for more detail, he said that he "thinks" defendant "may" have gestured as if he had a gun.

Based on the foregoing information, there is serious doubt on whether defendant made hand gestures that suggested he was armed with a handgun. Therefore, the government respectfully requests that the court not increase the adjusted offense level under Guideline Section 2B3.1(b)(2)(E).

## II.     DEFENDANT SHOULD BE SENTENCED AS A CAREER OFFENDER

The USPO properly found the defendant qualifies as a career offender. In his sentencing memorandum, the defendant objects to this finding and argues categorizing him as a career offender is excessive.

The government agrees with the USPO's finding and respectfully requests that the court decline to follow the First Circuit's decision in *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008) and sentence the defendant within the appropriate sentencing guideline range.

Defendant's character, the nature of this offense and criminal history call for a sentence within the career offender guideline range. Defendant has a total of eight criminal convictions. These convictions are for violent offenses, drug offenses and property crimes. Defendant's 1991 McHenry County drug conviction was committed when he was on pretrial release for resisting a peace officer. Similarly, defendant's 2002 conviction of obtaining a prescription drug with fraud was committed outside the state of Illinois while he was on pretrial release for armed robbery in

McHenry County, Illinois. Finally, it is important to note, that defendant has two prior convictions for crimes (robbery and armed robbery) similar to the facts of this case.

*United States v. Martin* is distinguishable from the instant case. In *Martin* the defendant was convicted of being a member of a drug conspiracy in which a number of his coconspirators received "variant, below-the-range sentences." *Id*. at 90. Here, the defendant has been convicted of a violent crime in which there is no issue of sentencing disparity between coconspirators.

In *Martin*, the defendant received substantial support from his family and friends attesting to his virtues as a father who demonstrated a "newfound religious faith" and strong potential for rehabilitation. Here, the defendant is estranged from his family and described his relationship with his two children as "not too good." and has demonstrated little, if any, potential for rehabilitation. Indeed, the opposite seems to be true.

## CONCLUSION

For these reasons, the government respectfully requests the court sentence the defendant within the appropriate guideline range as a career offender.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   _____\S_____
MARK T. KARNER
Assistant United States Attorney
308 West State Street - Room 300
Rockford, Illinois 61101
815-987-4444

3

**CERTIFICATE OF FILING AND SERVICE**

     I, MARK T. KARNER, certify that on July 21, 2008, I caused the foregoing pleading (1) to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division; and (2) a copy thereof to be mailed to:

        Mr. Paul Gaziano
        202 West State Street
        Suite 600
        Rockford, IL 61101

                                    \S
                                  MARK T. KARNER
                                  Assistant United States Attorney
                                  308 West State Street - Room 300
                                  Rockford, Illinois 61101
                                  815-987-4444