IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | Case No. 07 CR 50059-1 |
| ROBERT H. SWEENEY | ) | |

**RESPONSE TO GOVERNMENT MEMORANDUM**

Comes now Robert H. Sweeney, by the Federal Defender Program, Terence F. MacCarthy, Executive Director, and Paul E. Gaziano, one of his assistants and provides to this Honorable Court his response to the Government Sentencing Memorandum.

## I. SENTENCING GUIDELINE CALCULATION

The Government has conceded that the 3-level enhancement pursuant to §2B3.1(b)(2) U.S.S.G. is not applicable. Mr. Sweeney's offense level should be calculated:

| | |
|---|---|
| Base Offense Level (2B3.1) | 20 |
| Spec. Off. Characteristic (2B3.1(b)(1)) | 2 |
| Accept. Respons. (3E1.1(a) and (b)) | -3 |
| Total Offense Level | 19. |

The Criminal History Category remains the same at Category V with a resulting range of 51-71 months.

**II. CAREER OFFENDER GUIDELINE**.

The Career Offender Category (COC) provides excessive punishment in this case and this court should sentence Mr. Sweeney in line with his originally calculated guidelines without employing the COC enhancement.

The Government urges that Mr. Sweeney has an extensive record. The majority of his offenses are misdemeanor offenses. The offenses described at lines 254, 264, 286, 386 and 401 are all misdemeanors. (Attached are a certified copy of the conviction at ln. 401 and the Wisconsin Stat. for the offense at line 386). Four of the convictions to which the Government refers are 16 years or more old.

An examination of Mr. Sweeney's background in comparison to other persons labeled as career offenders and an examination of 18 U.S.C. § 3553(a) lead to the conclusion that the sought for COC enhancement is excessive in this case. The recent developments of the law of sentencing establish that the district courts are to exercise individualized sentencing. See part I of original Sentencing Memorandum. The district courts possess discretion to impose reasonable sentences even when in conflict with the Sentencing Guidelines.

Mr. Sweeney is a person who has a robbery conviction in 1994 (date of offense 1993). That robbery occurred shortly after a back surgery and was for the purpose of obtaining drugs. No weapon was used, the victim was not harmed, and Mr. Sweeney admitted his guilt. The second qualifying crime occurred after 5 years of lawful behavior. That crime occurred after another surgery and after Mr. Sweeney's untreated drug addiction again took over. In that crime the proceeds were again drugs and the victim was not harmed. The Government would have the Court believe that while he was on pretrial release for the last robbery Mr. Sweeney committed

the Wisconsin misdemeanor offenses. That is not true. The robbery occurred on July 28, 2000, the Wisconsin offense occurred on July 13 and July 15, 2000. Mr. Sweeney could not have been on pretrial release for the robbery which had not yet occurred. The reverse is also true, the Wisconsin charges were not brought until August 1, 2000, after Mr. Sweeney's arrest. Moreover, Mr. Sweeney was not released on bond for the robbery offense.

Mr. Sweeney's qualifying crimes are remote in time and are not of the nature for the application of the COC. The crimes should be viewed in light of his physical condition and his addiction. Mr. Sweeney is a good, responsible and dependable worker. (See letter of Erich Lindh). Mr. Sweeney has the ability to be a productive member of our society. This is established by his educational background, his use of his education and his history of maintaining employment.

Mr. Sweeney desperately needs drug treatment and therapy to teach him pain management. Each of these can be accomplished while he is on post-custody supervision. Mr. Sweeney respectfully requests that this Honorable Court impose a sentence without the COC. He assures the Court that he will use his time well while in the Bureau of Prisons and will be an exemplary person while on supervised release.

    Respectfully submitted;
FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: ___/s_____
    Paul E. Gaziano
    Attorneys for Defendant

PAUL E. GAZIANO
FEDERAL DEFENDER PROGRAM
202 W. State Street - Suite 600
Rockford, IL 61101
(815) 961-0800